**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALVADOR MENDOZA, | No. 12-15886 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-04415-EJD |
| v. | |
| PAULA CRINKLAW, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted June 18, 2013[**]

Before: TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Salvador Mendoza, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his medical needs. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Mendoza failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent in treating Mendoza's injured finger.  *See id.* at 1058, 1060 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to inmate health; "[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment").

The district court did not abuse its discretion in denying Mendoza's request to file a supplemental declaration in opposition to summary judgment because the fact Mendoza sought to establish was assumed true for purposes of the summary judgment motion.  *See Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) ("We review for abuse of discretion evidentiary rulings made in the context of summary judgment.").

Although Mendoza did not receive notice of the requirements to defeat summary judgment concurrently with the motion for summary judgment, the error was harmless in this case.  *See Woods v. Carey*, 684 F.3d 934, 935, 941 (9th Cir. 2012) (*Rand* notice must be served concurrently with a motion for summary

judgment; failure to provide adequate *Rand* notice "is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail").

Mendoza's request for judicial notice, filed on November 15, 2012, is denied as unnecessary because the document he seeks to have this court judicially notice is already part of the district court record.

**AFFIRMED.**